UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Docket No. 2:21-MJ-00105 |
| | ) | |
| JACKSON GRANT, | ) | |
| Defendant. | ) | |

MOTION FOR DETENTION

The United States of America moves for pretrial detention of the defendant pursuant to 18 U.S.C. § 3142(e) and (f).

1. <u>Eligibility for Detention</u>.  This defendant is eligible for detention because the case charges a felony involving possession of a firearm *See* 18 U.S.C. § 3142(f)(1)(E).

2. <u>Reason For Detention</u>.  The Court should detain the defendant because there are no conditions of release that will reasonably assure the defendant's appearance as required or the safety of the community. Turning to the factors under 18 U.S.C. § 3142(g), the nature and circumstances of the crime charged weigh in favor of detention. The complaint affidavit states that Grant was conducting business at the intersection of drugs and firearms, one of the most dangerous circumstances in Vermont. Grant faces the potential of being charged with other serious crimes, including drug trafficking. Grant's history and characteristics also counsel for detention. The defendant has no substantial ties to Vermont. He appears to have been unemployed, supporting himself by criminal conduct. He has felony convictions and has been sentenced to substantial prison sentences. Finally, it appears that Grant was on parole from a recent release from a New York prison sentence. The evidence showing that Grant possessed a

firearm and dealt drugs while on parole undercuts any basis that Grant would abide by this Court's release conditions.

3. <u>Rebuttable Presumption</u>.  The United States will not invoke the rebuttable presumption against the defendant under § 3142(e).

4. <u>Time For Detention Hearing</u>.  The United States asks the Court to grant a continuance of the detention hearing for up to ten days, pursuant to 18 U.S.C. § 3142(d)(1)(A)(iii). The United States will notify New York authorities of Grant's arrest and await a decision about whether he would be taken back into custody on a parole violation if released. In any event, the government moves for the statutory three-day continuance mandated by 18 U.S.C. § 3142(f) to review the pretrial services report, which has not been received, as well as other potential evidence developed late last week.

Dated at Burlington, in the District of Vermont, this 25th day of October, 2021.

Respectfully submitted,

UNITED STATES OF AMERICA

JONATHAN A. OPHARDT
Acting United States Attorney

By: <u>/s/ Paul J. Van de Graaf</u>
PAUL J. VAN DE GRAAF
Assistant United States Attorney
Burlington, VT 05402-0570
(802) 951-6725
paul.van.de.graaf@usdoj.gov